IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Q.H., a minor child by and through her next of kin and parent, Candice Hodges, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:24-cv-724-ECM [WO] |
| HUNT MILITARY COMMUNITIES MGMT, LLC, | ) | |
| Defendant. | ) | |

**ORDER APPROVING *PRO AMI* SETTLEMENT**

Before the Court is the parties' joint notice of requested confidential *pro ami* settlement, (doc. 27), which the Court construes as a motion for approval of the parties' proposed settlement agreement, (doc. 33). Having heard the testimony of the minor Plaintiff's ("Q.H.") legal guardian, Candice Hodges ("Hodges"), and having observed Q.H. and considered the report that was submitted by the guardian ad litem, C. Dakota Rivers, the Court finds the proposed settlement agreement to be just, fair, and conservative of the minor's interests. Therefore, for the reasons outlined below, the parties' joint motion for approval of the proposed settlement agreement, (doc. 27), is due to be GRANTED.

## I. BACKGROUND

Plaintiff Q.H., a minor, alleges that on or around November 11, 2022, Q.H. was caused to suffer bodily injury, mental anguish and emotional distress as a proximate result of Defendant Hunt Military Communities Management, LLC's ("Hunt") negligent and/or wanton conduct, construction, maintenance and/or other operation, of a playground on

Maxwell Air Force Base. (Doc. 1). Q.H. has completed treatment for her alleged injuries, and no further problems are expected. (Doc. 29-2 at 3). Q.H. has been released from treatment, and, at this time, it does not appear that there will be any residual problems. (*Id.*).

## II. RECOMMENDATIONS OF THE GUARDIAN AD LITEM

The guardian ad litem, C. Dakota Rivers, advised the Court that he reviewed the evidence, including medical records, medical bills, and other documents relating to the factual allegations of the accident and the minor Plaintiff's injuries and damages. (*Id.* at 1-2). The guardian ad litem interviewed Q.H. and her mother regarding the strengths and weaknesses of Q.H.'s claims and the probability of success or failure if the case were to be tried to a jury. (*Id.*). He noted that the case may be just as likely won as lost, and that there is a significant risk attendant to the trial of this type of lawsuit. (*Id.* at 4).

Based upon the consideration of the facts and circumstances of this litigation, the guardian ad litem advised the Court that the proposed settlement is fair, equitable, and in the best interests of the minor Plaintiff. (*Id.* at 1). Thus, it is the recommendation of the guardian ad litem to this Court that the proposed settlement agreements be approved. (*Id.*).

Of the [redacted] lump sum settlement amount awarded to Q.H., the breakdown is as follows:

| | |
|---|---|
| Settlement Amount: | [redacted] |
| Attorney Fees: | |
| Expenses: | |
| Medical Subrogation: | |
| **Total Amount Due to Minor:** | |

## III. THE *PRO AMI* HEARING

The Court held a *pro ami* hearing on November 5, 2026. *See Burke v. Smith*, 252 F.3d 1260, 1265 (11th Cir. 2001) ("[A] hearing to determine the fairness of a settlement must be held in order for that settlement to be binding on a minor party, even where the minor is represented by a next friend or other guardian."). In preparation for the hearing, the Court reviewed the guardian ad litem's report, (doc. 29-2), the parties' joint response to the guardian ad litem's report, (doc. 32), and the parties' proposed settlement agreement, (doc. 33). Many of the facts previously described were attested to in the form of testimony from Hodges at the *pro ami* hearing. (*See* doc. 34). Hodges testified regarding the 529 college savings account where Q.H.'s funds will be deposited, and regarding counsel's reasonable attorney fees. (*Id.*). Counsel for Hunt once more denied the allegations associated with the complaint and raised by the Plaintiff in her testimony. (*Id.*). Though the parties still strenuously contest the facts, both sides want the peace of mind which a final settlement can bring. (*Id.*). The Court also heard from the guardian ad litem, who reaffirmed his recommendation for the Court to approve the settlement. (*Id.*).

## IV. CONCLUSION

In light of the parties' representations, the testimony received at the *pro ami* hearing, the circumstances of the case, and the filings reviewed by the Court in preparation for the *pro ami* hearing, the Court APPROVES the parties' proposed settlement, (doc. 33), after finding it to be just, fair, and conservative of the minor Plaintiff Q.H.'s interests.

Accordingly, upon consideration of the motion, and for good cause, it is ORDERED as follows:

1. The parties' motion, (doc. 27), is GRANTED to the extent that the parties' settlement agreement is APPROVED.

2. In accordance with their representations to the Court, the Defendant shall remit $2,720.00 to C. Dakota Rivers for his services as Plaintiff Q.H.'s guardian ad litem.

3. The case is DISMISSED with prejudice in accordance with the terms set out by the parties.

4. All pending motions are denied as moot, and all deadlines are terminated.

5. The Clerk of the Court is DIRECTED to close this case.

DONE this 12th day of November, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE